UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERWIN R. VASQUEZ, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| LAPHAM-HICKEY STEEL CORPORATION, | : | |
| | : | |
| Defendant. | : | February 23, 2017 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Erwin R. Vasquez, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff is a resident and citizen of the State of Rhode Island.

2. Defendant is Lapham-Hickey Steel Corporation was and is corporation organized and existing under the laws of the State of Illinois with a principal place of business located at 5500 W 73rd Street, Chicago, Illinois 60638.

3. Defendant owns and operates a facility located at 28 Hickey Drive, Pawcatuck, Connecticut 06379.

4. At all times material, plaintiff is an employee within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. At all times material, defendant is an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6. At all times material, plaintiff is an employee within the meaning the Connecticut

1

Fair Employment Practices Act (CFEPA).

7. At all times material, defendant is an employer within the meaning of the CFEPA.

## JURISDICTION AND VENUE

8. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

9. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

10. Defendant employs fifteen (15) or more individuals.

11. Defendant employed plaintiff at its Pawcatuck, Connecticut facility.

12. Defendant hired plaintiff on September 12, 2012.

13. Plaintiff's job title was "stacker".

14. Plaintiff is Hispanic.

15. Plaintiff is Guatemalan.

16. Defendant was aware of plaintiff's race.

17. Defendant was aware of plaintiff's national origin.

18. Defendant employed Bob Andrews.

19. Bob Andrews demonstrated a racial animus towards Hispanics in defendant's workplace.

20. Defendant was aware of Andrew's animus towards Hispanics.

21. Andrews has made the following comments in the workplace:

   a.     "fucking Mexicans"

      b.    "taking everyone's work"

      c.    "were you born here, or just regular Mexicans"

      d.    "you Mexicans only watch soccer"

22.    On or about October 26, 2015, Andrews started an altercation with plaintiff.

23.    Andrews interfered with plaintiff's ability to work.

24.    Andrews spat in plaintiff's face.

25.    Andrews made uninvited physical and aggressive contact with plaintiff. He "chest bumped" plaintiff and invaded plaintiff's personal space.

26.    Andrews is Caucasian.

27.    Defendant knew that Andrews is Caucasian.

28.    The shop steward witnesses some or all of the October 26 incident.

29.    On October 26, the defendant's acting general manager on duty was notified of the incident.

30.    Defendant's acting manager told plaintiff to stay away from Andrews and that the incident "would go away".

31.    On October 28, 2015, defendant terminated plaintiff's employment.

32.    Defendant did not terminate Andrews' employment.

33.    Any and all excuses to be offered by defendant to explain the termination would be a pretext to mask unlawful discrimination.

34.    Defendant was qualified for the job.

35.    Upon information and belief, defendant failed to properly and adequately investigate Andrews' misconduct in the workplace.

36.    Plaintiff filed charges on the following date: January 19, 2016 with the Equal

Employment Opportunity Commission (EEOC).

37. Plaintiff requested a right to sue letter from the EEOC and receipt of the right to sue letter is pending.

38. Plaintiff filed charges with the Connecticut Commission on Human Rights and Opportunities (CHRO) on January 19, 2016.

39. Plaintiff received a release of jurisdiction from the CHRO (copy attached as Exhibit 1) on the following date: December 1, 2016.

## FIRST COUNT
### (Race Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

40. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race.

   b. In that defendant limited and classified the plaintiff by his race in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

   c. In that defendant discriminated the plaintiff on the basis of race in such a way that adversely affected his status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated non-Hispanic employees;

4

  e.  In that defendant terminated the plaintiff from employment on account of his race; and

41. As a direct and proximate result of defendant's violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

42. As a direct and proximate result of defendant's discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

## SECOND COUNT
**(National Origin Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991)**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

43. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

  a.  In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin.

  b.  In that defendant limited and classified the plaintiff by his national origin in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

  c.  In that defendant discriminated the plaintiff on the basis of national origin in such a way that adversely affected his status as an employee;

  d.  In that defendant treated the plaintiff adversely different from similarly situated non-Guatemalan employees;

    e.    In that defendant terminated the plaintiff from employment on account of his national origin.

44.    As a direct and proximate result of defendant's violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

45.    As a direct and proximate result of defendant's discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

### THIRD COUNT
### (Race Discrimination in Violation of C.G.S. §46a-60(a)(1))

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

46.    Defendant's acts and/or omissions violated Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a)(1) as amended, which prohibit discrimination on the basis of race in one or more of the following ways:

    (a)    In that defendant terminated plaintiff's employment because of his race;

    (b)    In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

    (c)    In that defendants limited and classified the plaintiff by his race in such a way that deprived his of opportunities and recognition given to other similarly situated coworkers;

    (d)    In that defendants discriminated against the plaintiff on the basis of race in such a way that adversely affected his status as an employee;

    (e)    In that defendant treated the plaintiff adversely different from similarly situated employees;

47. As a result of defendants' discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his race.

48. As a result of defendants' discrimination, plaintiff has been deprived of income and wages, and has been deprived of access to certain employee benefits.

49. As a further result of defendants' discriminatory conduct, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

50. Plaintiff has suffered and will continue to suffer injuries as a result of defendants' wrongful and discriminatory acts.

## FOURTH COUNT
### (National Origin Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

51. Defendant's acts and/or omissions violated Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a)(1) as amended, which prohibit discrimination on the basis of national origin in one or more of the following ways:

(a) In that defendant terminated plaintiff's employment because of his national origin;

(b) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin;

(c) In that defendant limited and classified the plaintiff by his national origin in such a way that deprived his of opportunities and recognition given to other similarly situated coworkers;

7

(d)     In that defendants discriminated against the plaintiff on the basis of national origin in such a way that adversely affected his status as an employee;

(e)     In that defendant treated the plaintiff adversely different from similarly situated employees.

52.     As a result of defendants' discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his national origin.

53.     As a result of defendants' discrimination, plaintiff has been deprived of income and wages, and has been deprived of access to certain employee benefits.

54.     As a further result of defendants' discriminatory conduct, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

55.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension or retirement benefits, emotional distress; consequential damages; post judgment interest; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; punitive damages; for a trial by jury; and for all other just and proper relief.

DATE: February 23, 2017

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Erwin R. Vaszuez**
**COMPLAINANT**

CHRO No. 1640190
vs.                                                                                  EEOC No. 16A201600550

**Lapham-Hickey Steel Corp.**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** December 1, 2016                    Tanya A. Hughes, Executive Director

Complainant: Erwin R. Vasquez: millydacia82@yahoo.com
Complainant's counsel: James V. Sabatini: jsabatini@sabatinilaw.com
Respondent: n/a
Respondent's counsel: Penelope Jones: PPJones@littler.com